IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN L. CLEMONS,<br><br>    Plaintiff,<br><br>  v.<br><br>PAROLE REGION II OFFICER ERIC GARDNER; SERGEANT WILLIAMS; SUPERVISOR MCMINN; ALL CORRECTIONAL OFFICERS AND STAFF IN WEST BLOCK OF SAN QUENTIN STATE PRISON; CAPTAIN, LIEUTENANT, ASSOCIATE WARDEN, WARDEN, AND ALL JOHN AND JANE DOES IN THE ADMINISTRATION OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>    Defendants.<br>                                                          / | No. C 11-6289 WHA (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

**INTRODUCTION**

Plaintiff, an California prisoner, filed a pro se civil rights complaint under 42 U.S.C. 1983 against employees of the California Department of Corrections and Rehabilitation based on alleged violations of his constitutional rights when he was on parole and later when he was incarcerated at San Quentin State Prison. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. Based upon a review of the complaint pursuant to 28 U.S.C. 1915A, it is **DISMISSED WITH LEAVE TO AMEND**.

# ANALYSIS

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  LEGAL CLAIMS**

The complaint contains a number of problems. Plaintiff claims to be suing, in addition to three named defendants, "all" of the "officers and staff" in the West Block of San Quentin, as well as all of the people in the "Administration" of the California Department of Corrections

1  and Rehabilitation ("CDCR").  He does not, as he must, identify the actions each defendant
2  took or failed to take caused a violation of his rights.  *See Leer v. Murphy*, 844 F.2d 628, 634
3  (9th Cir. 1988).

4  Secondly, the complaint sets forth a substantial number of improperly joined claims.  "A
5  party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent
6  or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).
7  The rules are somewhat different when, as here, there are multiple parties.  Multiple parties may
8  be joined as defendants in one action only "if any right to relief is asserted against them jointly,
9  severally, or in the alternative with respect to or arising out of the same transaction, occurrence,
10 or series of transactions or occurrences; and any question of law or fact common to all
11 defendants will arise in the action." *Id.* at 20(a)(2).

12 The upshot of these rules is that "multiple claims against a single party are fine, but
13 Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant
14 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims against different
15 defendants belong in different suits." *Ibid.*

16 Plaintiff makes a wide range of allegations about the actions taken while he was on
17 parole and then about virtually every aspect of his confinement at SQSP, including allegedly
18 inadequate dental care, insufficient showers, dirty cells and clothes, verbal harassment by prison
19 guards, small cells, inadequate storage, requiring him to work, unsanitary food, improperly
20 processed administrative grievances, loss of good time credits, and being deprived of "gate
21 money".  These alleged violations took place on numerous different occasions and were carried
22 out by different defendants.  The clearly do not all arise out of the same transaction, occurrence
23 or series of occurrences, nor do they involve a common question of law or fact.

24 "A buckshot complaint that would be rejected if filed by a free person – say, a suit
25 complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt,
26 and E infringed his copyright, all in different transactions – should be rejected if filed by a
27 prisoner." *Ibid.*  The instant complaint is a prime example of such a "buckshot" complaint in
28 which plaintiff seems to be suing over virtually every aspect of his incarceration since his

3

1  arrival at SQSP. Accordingly, the defendants and claims in the complaint are improperly
2  joined.

3  Although a court may strike individual claims that are not properly joined, it cannot be
4  determined here which of the many claims plaintiff may wish to keep and which he wants to
5  omit. *See* Fed. R. Civ. P. 21. Thus, instead of dismissing certain claims and defendants, the
6  complaint is now dismissed with leave to file an amended complaint. The amended complaint
7  must comply with Federal Rules of Civil Procedure 18 and 20 concerning joinder of claims and
8  defendants, and if it does not then this action will be dismissed.

**CONCLUSION**

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order (No. C 11-6289 WHA (PR)) and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time and in accordance with this order will result in the dismissal of this action claims.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Plaintiff also must comply with all orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January  27 , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.11\CLEMONS6289.LTA.wpd

4