IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN L. CLEMONS, | No. C 11-6289 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| PAROLE OFFICER ERIC GARDNER; SUPERVISOR MCMINN; GRAY; STEWART; CALIFORNIA PAROLE COMMISSIONERS, | |
| Defendants. | |

### INTRODUCTION

Plaintiff, an California prisoner, filed a pro se civil rights complaint under 42 U.S.C. 1983 against state parole employees and officials of San Quentin State Prison, where he is incarcerated. Following a review of the complaint pursuant to 28 U.S.C. 1915A, it was dismissed with leave to amend. Plaintiff filed a timely amended complaint. The amended complaint is now reviewed under Section 1915A and, for the reasons discussed below, it is **DISMISSED** for failure to state a cognizable claim for relief.

### ANALYSIS

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek

redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

In his amended complaint, plaintiff alleges "day for day elegability [sic] was taken" from him because he violated "special conditions" of his parole by contacting a child of whom he has custody. The amended complaint contains some of the same deficiencies as the original complaint. Specifically, plaintiff does not allege how any of the defendants were involved in the alleged violation of his rights. When his original complaint was dismissed with leave to amend, plaintiff was informed that he must allege actions taken by each defendant, or actions

2

they failed to take, that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff has not done so. He lists two parole agents, two prison guards, and unnamed state "parole commissioners" as defendants, but he does not allege any actions taken by them, or any actions they failed to take, that caused him to lose his "eligibility" for parole or to suffer any other alleged constitutional violation. Indeed, he does not allege anything at all about what the defendants did or failed to do. Plaintiff was cautioned that if his amended complaint did not correct the deficiencies in his original complaint, this action would be dismissed. As plaintiff continues to name defendants without alleging how they caused a violation of his constitutional rights, this case will be dismissed.

It is further noted that the relief plaintiff seeks, namely "discharge of parole" and "immediate release," can only be obtained by a petition for a writ of habeas corpus, not a civil rights complaint under Section 1983.

**CONCLUSION**

For the foregoing reasons, the complaint is **DISMISSED** for failure to state a cognizable claim for relief.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: May __4__, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.11\CLEMONS6289.DSM.wpd

3